UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PARATEK PHARMACEUTICALS, INC., )
75 Kneeland Street, Boston, MA 02111 )
)
         Plaintiff, )
)
    v. )    Civil Action No. _____
)
HONORABLE DAVID KAPPOS )
Under Secretary of Commerce for Intellectual )
Property and Director of the United States )
Patent and Trademark Office )
PO Box 15667, Arlington, VA 22215 )
Madison Building East, Rm. 10B20 )
600 Dulany Street, Alexandria, VA 22314 )
)
         Defendant. )

## COMPLAINT

The plaintiff, Paratek Pharmaceuticals, Inc., complains against the Honorable David Kappos, as follows:

### NATURE OF THE ACTION

1. In this patent term adjustment case arising under 35 U.S.C. § 154(b)(4), Paratek seeks a judgment ordering the director of the United States Patent and Trademark Office ("USPTO") to correct the term of United States Patent No. 7,553,828 ("the '828 patent").

2. Specifically, under rules designed to compensate patent applicants for USPTO delays in examining applications and issuing patents, the USPTO calculated that the term of the '828 patent should be extended by 358 days. The USPTO, however, incorrectly calculated that extension when, under its interpretation of the relevant rules, it failed to credit certain delays totaling 345 days. The USPTO's miscalculation thus deprives Paratek of nearly a year of patent

protection. Accordingly, Paratek seeks an additional adjustment of 345 days (equal to the period of delay that the USPTO failed to credit), for a total adjustment of 703 days.

## PARTIES

3. The plaintiff, Paratek, is a Boston-based biopharmaceutical company and the owner of the '828 patent. Paratek's principal business is the discovery and commercialization of therapeutics (such as novel antibiotics) for treating infections and serious diseases. Paratek's headquarters are located at 75 Kneeland Street, Boston, MA 02111.

4. The defendant, the Honorable David Kappos, is Under Secretary of Commerce for Intellectual Property and Director of the USTPO. The USPTO, under the supervision of Under Secretary Kappos's predecessor, Acting Under Secretary and Acting Director John Doll, incorrectly calculated the term adjustment for the '828 patent. The USPTO Director is designated by statute, 35 U.S.C. § 154(b)(4), as the named defendant in patent term adjustment litigation. Accordingly, Under Secretary Kappos is being sued in his official capacity as USPTO Director. The USPTO's primary address is the Madison Building, 600 Dulany Street, Alexandria, VA 22314. Legal papers, however, are sent to Office of the General Counsel, PO Box 15667, Arlington, VA 22215.

## JURISDICTION

5. This Court has jurisdiction over this action and is authorized to grant the requested relief in accordance with 28 U.S.C. §§ 1331 (federal question), 1338(a) (jurisdiction in patent cases) and 1361 (actions to compel performance by U.S. officials); 35 U.S.C. § 154(b)(4) (patent term adjustment actions); and 5 U.S.C. §§ 701-706 (judicial review of agency actions).

6. Venue in this district is mandated by 35 U.S.C. § 154(b)(4).

ME1 9239375v.1

7.      Paratek has filed its complaint within 180 days of the grant of the '828 patent, as specified in § 154(b)(4).

## BACKGROUND FACTS

A.      **The '828 Patent**

8.      The '828 patent, entitled "9-Aminomethyl Substituted Minocycline Compounds," issued on June 30, 2009. The inventors are Mark Nelson and several other Paratek scientists. The '828 patent is directed to certain antibiotic compounds and drugs used, for example, in treating infections and other ailments. The '828 patent represents a breakthrough in treating bacteria that have become resistant to tetracycline-based antibiotics and in treating a variety of other serious health concerns.

9.      Paratek owns the '828 patent via assignments from the inventors, which are recorded in the USPTO. A copy of the patent is attached as Exhibit A.

B.      **Prosecution of the Application Resulting in the '828 Patent**

10.     The '828 patent results from an application (Serial No. 10/786,881) filed in the USPTO on February 24, 2004. Paratek, as the assignee and acting on behalf of the named inventors, prosecuted this application through the USPTO's examination process.

11.     As detailed below, the USPTO is required to examine a patent application and issue a first office action within fourteen months after the application is filed.[1] In this case, however, the USPTO examiner did not issue the first office action (a relatively minor "restriction requirement") until October 11, 2006, two years and eight months after the application was filed and one-and-a-half years after the fourteen-month deadline for examining patents.

---

[1] An "office action" is the USPTO examiner's official written response to the merits of a patent application or its compliance with various technical requirements and formalities. An office action may include anything from a notice of allowance to a preliminary rejection of the application based on patentability concerns.

3

MEI 9239375v.1

12. Paratek promptly responded to this first office action on November 10, 2006. After another round of correspondence between Paratek and the USPTO from December 2006 to May 2007 (*i.e.*, another office action and response), the USPTO examiner issued a final office action on August 6, 2007, rejecting the pending application.

13. Paratek filed a notice of appeal to the Board of Patent Appeals and Interferences ("BPAI") on February 5, 2008. (The appeal became moot when, on December 1, 2008, the USPTO examiner issued a new, non-final office action.) Also, on February 26, 2008, Paratek filed a request for continued examination of its application. At the same time, Paratek filed a response to the final office action from the previous August.

14. In response to Paratek's filings, the USPTO examiner issued a non-final office action on June 13, 2008. Paratek responded just two weeks later, on June 27, 2008.

15. Although, as detailed below, the USPTO must answer applicants' responses to office actions within four months, the USPTO examiner in this case took more than five months to respond to Paratek's June 27th filing. Specifically, on December 1, 2008, the examiner issued yet another office action. Paratek promptly responded on December 16, 2008.

16. Under the patent term adjustment statute, the USPTO may not keep an application pending for more than three years. In this case, however, the '828 patent remained pending for over five years. On March 11, 2009, the USPTO notified Paratek that the patent application was finally allowed and that a patent would be issued in due course. On June 30, 2009, the USPTO issued what is now the '828 patent, over two years past the three-year pendency deadline

C. **The USPTO's Adjustment of the Patent Term**

17. Under the patent term adjustment provision of the Patent Act, 35 U.S.C. § 154(b), and as further explained in this Court's opinion in *Wyeth v. Dudas*, 580 F. Supp. 2d 138 (D.D.C.

2008), a patentee is entitled to a patent term extension of one day for every day that the USPTO delays examination of the patent application or issuance of the resulting patent. As explained in *Wyeth*, the limited term of a patent runs from the date the application is filed, not from the date the patent issues, and thus "some of the effective term of a patent is consumed by the time it takes to prosecute the application." *Id.* at 139. The patent term adjustment provision, therefore, is used to "mitigate the damage that bureaucracy can do to inventors." *Id.*

18. To ensure speedier examination of patent applications so that patentees are not prejudiced by USPTO delays, federal law and regulations require that the USPTO complete certain phases of the examination process within certain prescribed times. These time limits are set forth in 35 U.S.C. § 154(b)(1) *et seq*, and 37 C.F.R. § 1.703(a) *et seq.*. For example, as prefaced above, the patent applicant is entitled to a first office action within fourteen months of filing the application. For each day past these deadlines that the USPTO delays in taking the required action, the patentee is entitled to an extra day of the resulting patent's term. Any delay caused by the patent applicant is subtracted from this term adjustment.

19. For purposes of this case, two categories of delays are relevant to the term adjustment calculations. As further detailed in *Wyeth*, so-called "A delays" (*i.e.*, those listed under § 154(b)(1)(A)) include, for example, delays past the fourteen-month window for issuing a first office action and delays past the four-month window for responding to an applicant's correspondence. So-called "B delays" (as enumerated in § 154(b) (1)(B)) include the delay in keeping patents pending for more than three years.

20. Under this statutory scheme, after the USPTO allows a patent application, the Director must calculate the period of delay attributable to the USPTO and adjust the patent term

5

accordingly. The patentee then has an opportunity to seek correction of the term adjustment via a request for reconsideration filed in the USPTO.

21. The Director calculated that 358 days of USPTO delay should be added to the term of the '828 patent. This determination is shown on the face of the '828 patent. Paratek, however, determined that the Director has under-counted the delay. Thus, on August 27, 2009, Paratek petitioned the USPTO to correct the patent term and sought reconsideration of the Director's calculations. On December 7, 2009, the USPTO denied Paratek's request. *See* **Exhibit B**, Decision on Request for Reconsideration of Patent Term Adjustment.

22. The USPTO's delay was actually **703 days**, as seen in the following calculations:

   a. An "A delay" of **535 days** for failing to examine the patent application and issue the first office action within fourteen months of the application's filing. Paratek filed its patent application on February 24, 2004. Thus, the first office action was due fourteen months later, on April 24, 2005. The USPTO examiner, however, did not examine the patent and issue the first office action under October 11, 2006, which is 535 days after the fourteen-month deadline.

   b. An "A delay" of **35 days** for failing to respond to Paratek's reply to an office action within four months. Specifically, Paratek responded to an office action on June 27, 2008. The four-month window for answering this response was thus October 27, 2008. But the examiner did not respond and issue another office action until December 1, 2008--35 days after the deadline.

c.  A "B delay" of **345 days** for keeping the patent pending for more than three years. Specifically, the three-year pendency period expired on February 24, 2007, but the USPTO did not issue the patent until June 30, 2009--two years and five months (856 days) after the deadline. Under the statutory scheme, however, the time consumed by appeals and continued examination is excluded from the term adjustment calculations. In this case, Paratek filed a notice of appeal with the BPAI on February 5, 2008, and, on February 26, 2008, requested continued examination after the final office action. The period consumed by the appeal and continued examination was 511 days, from February 5, 2008, until June 30, 2009, when the '828 patent issued. Thus, this 511 days is subtracted from the overall 856-day period to give an adjusted delay of 345 days. Another way to view this result is that the USPTO's B delay ran from February 25, 2007 (the day after the three-year pendency limit) to February 5, 2008, when Paratek filed its notice of appeal. Again, this period is 345 days.

d.  The total USPTO delays, minus the period of appeal and continued examination, was thus 915 days (535 + 35 + 345 = 915).

e.  Paratek, however, took extra time to respond to certain office actions during the course of the examination process. Under the statutory scheme, any delay by the applicant is subtracted from the total USPTO delay. Thus, the total time attributable to USPTO delay is **703 days** (915 USPTO delay days - 212 Paratek delay days = 703 days).

7

ME1 9239375v.1

23.    The reason for the discrepancy between Paratek's and the Director's calculations appears to be that the Director mistakenly treated 345 days of the "B delay" (*i.e.*, the period past the initial three-year patent pendency period) as overlapping with the "A delay," even though those periods did not overlap. In particular, the first A delay (the delay after the fourteen-month deadline for issuing the first office action) occurred from April 24, 2005, to October 11, 2006. The B delay, however, did not start until the third anniversary of the application filing date, on February 24, 2007. Accordingly, these days could not overlap. The Director, however, appears to have treated the "B delay" as running from the date of the application's filing rather than from the third anniversary of the application's filing. As a result, contrary to the correct implementation of the patent term adjustment law, the Director has decided that the A and B delay period overlap and has thus not counted a substantial portion of the delay. Put another way, the Director failed to account for the 345-day "B delay" altogether.

## COUNT I
## PATENT TERM ADJUSTMENT APPEAL UNDER 35 U.S.C. § 154(b)(4)

24.    Paratek incorporates by reference the allegations of the preceding paragraphs.

25.    As detailed above, the Director incorrectly calculated the period of the USPTO's delay when he adjusted the term of the '828 patent. Paratek is entitled to a patent term adjustment of 703 days. The Director, however, added only 358 days to the term.

26.    This adjustment under-counts the period of delay by 345 days and thus deprives Paratek of nearly a year of valuable patent protection. In particular, the Director apparently failed to credit the 345-day period that the USPTO kept the patent pending after the statutory three-year pendency limit.

27. The Director's failure to account for this period conflicts with the correct method of calculating patent term adjustments laid out in this Court's opinion in *Wyeth v. Dudas*, 580 F. Supp. 2d 138 (D.D.C. 2008).

28. The Director's determination that the '828 patent is entitled to only 358 days of patent term adjustment, rather than the full 703 days of USPTO delay, is arbitrary, capricious, an abuse of discretion, otherwise not in compliance with the law, and unsupported by substantial evidence. The Director's determination also exceeded his authority, statutory jurisdiction, or other legal limitations.

ACCORDINGLY, Paratek Pharmaceuticals, Inc., respectfully requests the following relief:

A. A judgment for Paratek that the Director incorrectly adjusted the term of the '828 patent;

B. An order requiring the Director to adjust the term of the '828 patent by an additional 345 days, such that the corrected adjustment is 703 days added to the term of the '828 patent.

C. Such further relief as this Court determines to be just and proper.

Dated: December 28, 2009

Respectfully submitted,

Daniel J. Kelly (D.C. Bar # 397795)
MCCARTER & ENGLISH LLP
265 Franklin Street
Boston, MA 02110
(tel) 617-449-6500
(fax) 617-607-9200

*Attorneys for Plaintiff*
*Paratek Pharmaceuticals, Inc.*

*Of Counsel:*

Lee Carl Bromberg
Erik Paul Belt
McCARTER & ENGLISH LLP
265 Franklin Street
Boston, MA 02110
Tel: 617-449-6500
Fax: 617-607-9200

10

ME1 9239375v.1